UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MIKE FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF PLACER, et al.,<br><br>Defendants. | No. 2:17-cv-2277-JAM-EFB PS<br><br>FINDINGS AND RECOMMENDATIONS |
|---|---|

Several motions are pending in this action, which are addressed herein.[1] Defendants James Dawson and Trilla Bahrke move to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). ECF No. 4. Defendants North Tahoe Fire Protection District, Todd Conradson, and Scott Sedgwick's move to dismiss pursuant to 12(b)(6), to strike pursuant to 12(f) and, alternatively, for a more definite statement pursuant to Rule 12(e). ECF No. 5. Defendants Richard Bahrke and Emily Dawson move to dismiss for failure to state a claim pursuant to Rule 12(b)(6). ECF No. 25. Rather than filing opposition briefs to these motions, plaintiff filed a motion to amend his complaint together with a proposed first amended complaint. ECF Nos. 18, 31. He also filed a motion to strike the answer to his complaint that was filed by defendants

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

County of Placer, Edward Bonner, Christopher Cattran, William Doyle, Maria Leftwich, Shane Mathias, Paul Nicholas, Ronald Scott Owens, and Jeffrey Winkler. Lastly, plaintiff filed motions for a temporary restraining order and a preliminary injunction. ECF Nos. 36, 38.

For the reasons explained below, it is recommended that the pending motions to dismiss be granted and plaintiff's motions be denied.[2]

I. <u>Factual Allegations</u>

Liberally construed, the complaint alleges that plaintiff was at 310 Grouse Drive, Homewood California, on October 6, 2013, when defendant Scott Sedwick, a representative of defendant North Tahoe Fire Protection District ("NTFPD"), arrived at the property. *Id*. ¶¶ 25, 26. Sedwick allegedly requested plaintiff to "wet a small area with chard alpha material." *Id*. ¶ 27. After plaintiff complied, defendants Paul Nicholas and Shane Mathias, both deputy sheriffs with the Placer County Sherriff's Department, and defendant Christine York, a firefighter with the California Department of Forestry and Fire Protection ("Cal Fire"), arrived at the property. *Id*. ¶¶ 28, 29. Plaintiff was subsequently arrested and transported to the Nevada County Jail by defendant Mathias. *Id*. ¶¶ 30, 21.

Upon arrival at the jail, plaintiff allegedly was left in a vehicle, in the sun, with all windows closed. *Id*. ¶¶ 31, 32. He alleges that while in the vehicle, he informed defendant Michael Rufenaught, also a firefighter with Cal Fire, that plaintiff was suffering from a heart condition. *Id*. ¶¶ 34-35. He appears to allege that Rufenaught provided no assistance and left plaintiff in the vehicle. Thereafter, plaintiff was transported to the Placer County Jail. *Id*. ¶ 38. At the jail, plaintiff allegedly made more than fifty demands for medical attention but was denied access to a physician. *Id*. ¶¶ 39-41. Plaintiff further alleges that he was subjected to searches involving inappropriate touching and denied access to a law library. *Id*. ¶¶ 42-43. He further claims that he made several requests to see a judge, but was denied a "due process hearing." *Id*. ¶¶ 49-50.

/////

---

[2] Oral argument would not be of material assistance to the court and the various motions were submitted without argument pursuant to Eastern District of California Local Rule 230(g).

2

The complaint purports to allege eight causes action against twenty defendants for alleged violations of plaintiff's constitutional rights under the Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments.[3] *Id*. ¶¶ 2, 58-59, 63, 67.

II. Defendants' Motions to Dismiss and Strike

James Dawson and Trilla Bahrke move to dismiss for lack of jurisdiction. They, along with the North Tahoe Fire Protection District, Todd Conradson, Scott Sedgwick, Richard Bahrke, and Emily Dawson, also move to dismiss for failure to state a claim.

A. Legal Standards

1. Rule 12(b)(1) Standards

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Id*. at 377. The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). "When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. For a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (citing *Stock West, Inc. v. Confederation Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) ).

---

[3] Plaintiff purports to bring this action pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988. ECF No. 1 ¶ 1. The complaint, however, only appears to assert § 1983 claims for violation of plaintiff's constitutional rights. *See generally* ECF No. 1.

3

### 2. Rule 12(b)(6) Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. However, dismissal is appropriate if the complaint lacks a cognizable legal theory or it fails to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Plaintiff is proceeding without counsel and pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). But the Ninth Circuit has held that this less stringent standard for pro se parties must still be viewed in light of *Iqbal* and *Twombly*. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d

266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### 3. Rule 12(f) Standards

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds by* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). A matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question. *Id*. Redundant matter is defined as allegations that "constitute a needless repetition of other averments or are foreign to the issue." *Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586 (E.D. Cal. Jan.26, 2007) (citing *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005)). Finally, a matter is scandalous if it improperly casts a derogatory light on a party or other person. *Skadegaard v. Farrell*, 578 F.Supp. 1209, 1221 (D.N.J. 1984); *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 665 (7th Cir. 1992). As with motions to dismiss for failure to state a claim, when ruling upon a motion to strike, the court must view the pleading under attack in the light more favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000); *Multimedia Patent Trust v. Microsoft Corp.*, 525 F.Supp.2d 1200, 1207 (S.D. Cal. 2007).

### B. Defendants James Dawson and Trilla Bahrke's Motion

Defendants James Dawson, a superior court judge for the County of Placer, and Trilla Bahrke, a Commissioner for the same county, argue that plaintiff's claims against them are barred by the Eleventh Amendment. ECF No. 4-1 at 3-4. They further argue that they are entitled to judicial immunity, and that plaintiff's claims are untimely. *Id*. at 5-7.

/////

/////

1. <u>Eleventh Amendment Immunity</u>

The Eleventh Amendment protects states, state agencies, and "arms of the state" from liability absent a clear waiver or consent to suit. *Quern v. Jordan*, 440 U.S. 332, 337-345 (1979). "[S]tate case law and constitutional provisions make clear that the [California Superior Court] is a state agency." *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). However, [w]here the State itself or one of its agencies or departments is not named as defendant and where a state official is named instead, the Eleventh Amendment status of the suit is less straight forward." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). To be entitled to Eleventh Amendment immunity, the judicial officer must demonstrate that the state is the real party in interest and will be liable for any judgment rendered against the judge. *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997) ("If the state officials can show that 'the action is in essence one for recover of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.").

Here, plaintiff does not name the California Superior Court as a defendant. Instead, he only purports to allege claims against Judge Dawson and Commissioner Bahrke. These defendants, however, do not argue, much less demonstrate, that California would be responsible for any judgment rendered against them. Accordingly, they have not satisfied their burden of showing entitlement to immunity under the Eleventh Amendment. *See Hyland*, 117 F.3d at 414 ("[T]he defendants do not point to any evidence that the state would be liable for the judgment. The judges have not met their burden to show that they are protected by Eleventh Amendment immunity.").

However, as discussed below, these claims are clearly barred by absolute judicial immunity.

2. <u>Judicial Immunity</u>

"Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts . . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v.*

*Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  Judicial immunity extends to municipal court commissioners performing judicial functions.  *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995).

Although the complaint's allegations regarding Judge Dawson and Commissioner Bahrke are sparse, at best, plaintiff does specifically allege that Judge Dawson and Commissioner Bahrke "were acting within the scope of their presumed duties . . ." when they deprived plaintiff of his constitutional rights.  ECF No. 1 ¶¶8, 10, 58.  As plaintiff's claims against Judge Dawson and Commissioner Bahrke relate to their official duties, his claims against these defendants are barred by judicial immunity.  Accordingly, plaintiff's claims against Judge Dawson and Commissioner Bahrke must be dismissed without leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile).

### D.  Defendants NTFPD, Conradson, and Sedgwick's Motion

Defendants NTFPD, Conradson, and Sedgwick move to dismiss plaintiff's claims as untimely and for failure to allege sufficient facts to state a claim for relief.  ECF No. 5-1 at 4-6.  Alternatively, these defendants move for a more definite statement.[4]  *Id*. at 6.  Defendants Conradson and Sedwick also move to strike all references to their spouses.  *Id*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  A municipal entity or its departments (such as a county, a county jail, or a county employee acting in an official capacity) is liable under section 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  In addition, such local

---

[4]  As discussed below, plaintiff's claims must be dismissed for failure to state a claim.  Accordingly, the court declines to address the motion for a more definite statement.

government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). That is, a plaintiff may not sue any defendant on the theory that the defendant is automatically liable for the alleged misconduct of subordinate officers. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

Plaintiff claims that defendants NTFPD, Conradson, and Sedwick violated his rights under Fourth, Fifth, Seventh, Eighth, and Fourteenth amendments. Plaintiff, however, fails to plead sufficient facts to demonstrate such violations. The complaint's only allegations against defendant Sedwick are that he asked plaintiff "to wet a small area with chard alpha material" and that he was acting within the scope of his duties when he did so, and that this somehow deprived plaintiff of his constitutional rights. ECF No. 1 ¶¶ 27, 63. Similarly, plaintiff only alleges that Conradson was "acting within the scope of his duties" when he "deprived [plaintiff] of his rights." *Id*. ¶¶ 58, 63. These conclusory allegations are insufficient to state a section 1983 claim against Sedwick and Conradson. *Twombly*, 550 U.S. at 555.

As for defendant NTFPD, plaintiff's only allegation against it is that it "maintained a pattern and practice of depriving liberty and property, and causing damage without probable cause or proper foundation as secured by the constitution . . . ." *Id*. ¶ 61. Plaintiff's conclusory allegation is insufficient to support a *Monell* claim against NTFPD. *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (to succeed on a *Monell* claim a plaintiff must establish that the entity "had a deliberate policy, custom, or practice that was the moving force behind the alleged constitutional violation he suffered") (internal quotation marks omitted)); *Brown v. Contra Costa County*, 2014 WL 1347680, at *8 (N.D. Apr. 3, 2014) ("Pursuant to the more stringent pleading requirements set forth in *Iqbal and Twombly*, a plaintiff suing a municipal entity must allege sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defendant itself, and these facts must plausibly suggest that plaintiff is entitled to relief.") (citing *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)).

/////

Furthermore, all of plaintiff's claims appear to be barred by the applicable statute of limitations. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Under California law, the statute of limitations for a personal injury claim is two years. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

Here, plaintiff's allegations are predicated on events that transpired in October 2013. Plaintiff did not initiate this action until October 30, 2017, well beyond the two-year limitation period. Accordingly, plaintiff's claims must be dismissed. It is not clear whether there is any basis for tolling the limitation period. Accordingly, plaintiff's claims should be dismissed with leave to amend to afford him an opportunity to alleged, if he can, a factual basis for tolling.

Lastly, defendants Conradson and Sedwick also move to strike all references to their spouses. In the complaint's caption, plaintiff writes "and spouse if any" next to each individual defendant's name. ECF No. 1 at 1-4. Plaintiff does not specifically allege that any spouse of the named defendants participated in the alleged violations of his rights or were otherwise involved in the underlying facts giving rise to this action. Consequently, plaintiff's references to the individual defendants' spouses are immaterial to this action and should be stricken.

E. <u>Emily Dawson and Richard Bahrke's Motion</u>

Defendants Emily Dawson and Richard Bahrke, the spouses of Judge Dawson and Commissioner Bahrke, also move to dismiss for failure to state a claim. ECF No. 25. The motion must be granted.

The complaint alleges that at all relevant times Emily Dawson was lawfully married to Judge Dawson and that consequently she is being "unjustly reward[ed] by Dawson." ECF No. 1 ¶ 9. Similarly, plaintiff alleges that Richard Bahrke, which plaintiff refers to as "Jack," is married to Commissioner Bahrke and is therefore being unjustly rewarded. *Id*. ¶ 11.

These allegations make clear that Emily Dawson and Richard Bahrke are named as defendants merely because of their marriages to Judge Dawson and Commissioner Bahrke and

not due their involvement in the alleged deprivation of plaintiff's constitutional rights. Accordingly, plaintiff's claims against Emily Dawson and Richard Bahrke must be dismissed without leave to amend. *See Noll*, 809 F.2d at 1448.

III. Plaintiff's Motion to Amend

Plaintiff seeks leave to amend his complaint and has filed a proposed first amended complaint. ECF Nos. 18, 31.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave when justice so requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's proposed first amended complaint suffers from the same deficiencies as those in his original complaint. The proposed amended complaint fails to contain sufficient allegations demonstrating that any of the individual defendants' personally participated in the violation of a specific constitutional right. More significantly, the amended claims in the complaint appear to be predicated on the same events that transpired in October 2013, and like the current claims, provide no basis for tolling the limitations period. Thus, the motion for leave to file the proposed amended complaint must be denied as futile. However, as discussed above, plaintiff should be given leave to file an amended complaint that address the deficiencies discussed herein.

IV. Plaintiff's Motion to Strike

Also pending is plaintiff's motion to strike the answer to his complaint filed by defendants County of Placer, Edward Bonner, Christopher Cattran, William Doyle, Maria Leftwich, Shane Mathias, Paul Nicholas, Ronald Scott Owens, and Jeffrey Winkler. ECF No. 34. Plaintiff argues that the answer should be stricken because it was untimely filed. *Id*.

Given that this action must be dismissed with leave to amend, the dispute over the answer appears to be moot. The filing of an amended complaint will set a new time limit for responding to the new complaint. Further, striking an answer is not the remedy for a failure to timely

respond to a complaint. *See, e.g., Wynes v. Kaiser Permanente Hospitals*, 2013 WL 2449498, at *1 (E.D. Cal. June 5, 2013) ("[F]ederal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme like in the present case, is not, by itself, a sufficient reason for granting a motion to strike"); *McCabe v. Arave*, 827 F.2d 634, 63940 (9th Cir.1987) (holding that district court did not abuse its discretion by denying the plaintiffs' request that the defendants' defenses be stricken from an answer plaintiffs received on the day of trial); *AT& T Corp. v. Dataway Inc.*, 577 F. Supp. 2d 1099, 1103 (N.D. Cal. 2008) (denying request to strike answer that was filed 170 days after the filing deadline); *Beal v. U.S. Dept. of Agriculture*, 2012 WL 3113181, at *2 (E.D. Wash. Jul.31, 2012) (declining to strike an answer filed 14 months late in light of "a judicial preference for deciding matters on their merits when possible"). Accordingly, the motion to strike should be denied.

V.  <u>Plaintiff's Motion for Injunctive Relief</u>

Plaintiff has also filed a motion for a temporary restraining order and a motion for a preliminary injunction. ECF No. 38. Plaintiff explains that he has been ordered to appear before the Placer County Superior Court on April 26, 2018, in relation to a criminal proceeding. ECF No. 38 at 3. He fears that at the hearing he will be taken into custody. *Id*. at 3. Accordingly, he requests that this court issue an order vacating the April 26 state court hearing. ECF No. 36 at 1. The request must be denied.

The relief plaintiff seeks is barred by Younger Abstention Doctrine. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). Under *Younger*, federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances. *Id*. at 49, 53. Plaintiff has failed allege any facts demonstrating extraordinary circumstances that would warrant federal intervention. *See Younger*, 401 U.S. at 45 (federal courts may not intervene in state criminal actions "except under extraordinary circumstances where the danger of irreparable loss is both great and immediate."). Instead, he merely expresses his fear that he will be improperly detained in relation to the state court proceedings. This conclusory statement is insufficient to establish that plaintiff will suffer great and immediate irreparable loss.

Accordingly, plaintiff's motions for injunctive relief must be denied.

11

VI. Collusions

Based on the foregoing, it is hereby RECOMMENDED that:

1. Defendants James Dawson and Trilla Bahrke's motion to dismiss (ECF No. 4) be granted and all claims against them be dismissed without leave to amend.

2. Defendants North Tahoe Fire Protection District, Todd Conradson, and Scott Sedgwick's motion to dismiss (ECF No. 5) be granted and all claims against them be dismissed with leave to amend.

3. Defendants Richard Bahrke and Emily Dawson's motion to dismiss (ECF No. 25) be granted and all claims against them be dismissed without leave to amend.

4. Plaintiff's motion for leave to file the proposed amended complaint (ECF No. 18, 31) be denied.

5. Plaintiff's motion to strike (ECF No. 34) be denied.

6. Plaintiff's motions for a temporary restraining order and preliminary injunction (ECF No. 36, 38) be denied.

7. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file an amended complaint as provided herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 25, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE